COOLEY LLP
BENJAMIN H. KLEINE (257225)
(bkleine@cooley.com)
KELSEY R. SPECTOR (321488)
(kspector@cooley.com)
101 California Street, 5th Floor
San Francisco, California  94111-5800
Telephone:    +1 415 693 2000
Facsimile:     +1 415 693 2222

Attorneys for Defendant
MEDMARK SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JIMMY WALSH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDMARK SERVICES, INC.,<br><br>Defendant. | Case No.<br><br>California Superior Court<br>County of Contra Costa<br>Case No. C20-01535<br><br>**DEFENDANT MEDMARK SERVICES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, & 1453** |

**TO PLAINTIFFS, THE COURT, AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453(b), Defendant MedMark Services, Inc. ("MedMark" or "Defendant") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Contra Costa (the "Superior Court"), where the action is now pending, to the United States District Court for the Northern District of California, Oakland Division. The grounds for removal are as follows:

**I.   REMOVAL IS TIMELY**

1. On August 10, 2020, Plaintiff Jimmy Walsh ("Plaintiff"), on behalf of himself and all others similarly situated, filed a class action complaint in the Superior Court, styled and captioned as above, and assigned Case No. C20-01535 ("State Court Action").

2. On August 25, 2020, MedMark was served with the Complaint and Summons.

3. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the date on which MedMark was served with a copy of the Summons and Complaint setting forth the claims for relief upon which Plaintiff's action is based. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service.").

**II.   PLAINTIFF'S COMPLAINT**

4. MedMark is a Delaware corporation that is headquartered in Lewisville, Texas. Compl. ¶ 6. MedMark provides addiction-treatment services to patients throughout the United States. *Id.* ¶ 8.

5. Plaintiff is an individual residing in Contra Costa County, California. Compl. ¶ 5. Plaintiff alleges he is a patient at one of MedMark's treatment centers. *Id.* ¶ 9.

6. Plaintiff alleges that in November 2019, "computer hackers [broke] into Defendant's network that contained its patients' personal medical information and were attempting to blackmail Defendant." Compl. ¶ 10 (capitalization omitted).

7. Plaintiff seeks to maintain this action on behalf of "[a]ll persons within the United States who were patients at any one of Defendant's nationwide treatment facilities prior to November 2019, and whose personal medical information was compromised as a result of

Defendant's November 2019 data breach." Compl. ¶ 21 (capitalization omitted). While MedMark denies any liability as to the allegations in the Complaint and reserves all of its rights and defenses, Plaintiff asserts claims for: (1) violation of the California Data Breach Act, Cal. Civ. Code § 1798.80, *et seq.*; (2) violation of the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56, *et seq.*; (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (4) negligence; (5) negligence per se; and (6) invasion of privacy.

8. Plaintiff seeks, on behalf of himself and the putative class, injunctive relief; actual, statutory and/or punitive damages; restitution; pre- and post-judgment interest; reasonable attorneys' fees and costs; and such other relief as deemed appropriate. Compl., Prayer for Relief.

### III. REMOVAL TO FEDERAL COURT IS PROPER BECAUSE FEDERAL JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT.

9. Removal is proper pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which provides for federal jurisdiction over this action. CAFA provides original diversity jurisdiction for any putative class action: (a) involving 100 or more class members; (b) with an amount in controversy exceeding $5 million dollars; and (c) in which any member of the plaintiff class is a citizen of a different country or state than any defendant. *See* 28 U.S.C. § 1332(d). Each jurisdictional requirement of CAFA is satisfied here.

10. **Plaintiff seeks to present more than 100 class members.** Plaintiff's allegation that the class "number[s] in the hundreds, if not thousands," Compl. ¶ 22, satisfies CAFA's requirement that the class consist of 100 or more members, 28 U.S.C. § 1332(d)(5)(B). Indeed, the putative class includes at least 36,000 individuals throughout the United States. *See* Declaration of Frank Baumann ("Baumann Decl.") ¶ 2.

11. **The relief requested exceeds the amount-in-controversy requirement of $5 million.** For jurisdictional purposes, multiplying the number of represented parties by the amount of damages sought is sufficient to satisfy the amount-in-controversy requirement. 28 U.S.C. § 1332(d)(6) (to determine amount in controversy, "the claims of the individual class members shall be aggregated"). Here, Plaintiff purports to represent hundreds if not thousands of class members throughout the United States who were patients at MedMark's facilities prior to

November 2019. Compl. ¶ 21. In reality, the size of the putative nationwide class is much larger than that. As of November 1, 2019, MedMark had over 36,000 active patients throughout the country, over 12,000 of whom reside in California. *See* Baumann Decl. ¶¶ 2-3. Plaintiff also seeks actual, statutory, and damages on behalf of that putative class. *See* Compl., Prayer for Relief. For example, Plaintiff has asserted a claim under the California Confidentiality of Medical Information Act ("CCMIA"), Compl. ¶¶ 41-49, which authorizes $1,000 in statutory damages, Cal. Civ. Code § 56.36(b). Plaintiff also seeks statutory damages on behalf of the class, *see* Compl., Prayer for Relief. The statutory damages for the CCMIA claim alone, when considered in light of the size of the putative class Plaintiff purports to represent, is sufficient to show that CAFA's $5 million amount-of-controversy requirement is satisfied here.

12. Courts routinely consider statutory damages where determining whether CAFA's amount-in-controversy requirement is met. *See, e.g.*, *Grant v. Cap. Mgm't Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011) (multiplying statutory damages under the Telephone Consumer Protection Act by the estimated number of class members to determine that CAFA amount-in-controversy requirement was met); *Lee v. Equifax Info. Servs., LLC*, No. CV 13-4302 SI, 2013 WL 6627755, at *4 (N.D. Cal. Dec. 16, 2013) (conducting similar analysis of class claims brought under the California Consumer Credit Reporting Act). Here, Plaintiff purports to represent a nationwide class that he himself alleges consists of "hundreds, if not thousands" of class members, Compl. ¶ 22, and that in fact consists of over 36,000 putative class members, *see* Baumann Decl. ¶ 2. While MedMark does not concede and reserves the right to contest that non-California Plaintiffs have claims under the CCMIA, Plaintiff purports to represent a nationwide class. Compl. ¶ 22. Based on the size of that class (at least 36,000 putative members) and the CCMIA's provision of $1,000 in statutory damages, Plaintiff has put at least $36 million in controversy.[1] As such, Plaintiffs' claims easily surpass CAFA's $5 million amount-in-controversy threshold. *See* 28 U.S.C. § 1332(d)(6).

---

[1] Further, Plaintiff seeks punitive damages under the CCMIA, Compl. ¶¶ 47-48, which authorizes punitive damages up-to $3,000, *see* Cal. Civ. Code § 56.35. Thus, there is no real question that Plaintiffs' claims satisfy CAFA's amount-in-controversy requirement.

13. **Minimal Diversity Exists.** Removal pursuant to CAFA requires only that minimal diversity exists, meaning that the plaintiff or "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff is a citizen and resident of California. Compl. ¶ 5. MedMark is incorporated in Delaware and has its principal place of business in Texas. *Id.* ¶ 6. MedMark is therefore a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

15. Because Plaintiff is a citizen of California and MedMark is a citizen of Delaware and Texas, the minimal diversity jurisdiction requirement set forth in 28 U.S.C. §1332(d)(2)(A) is met.

IV. **MEDMARK HAS MET ALL ADDITIONAL PROCEDURAL REQUIREMENTS FOR REMOVAL.**

16. The State Court Action was originally pending in Contra Costa County, which is within this Court's judicial district. Therefore, the matter is properly removable to this court. 28 U.S.C. § 1441(a).

17. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the summons, Complaint, and orders received by MedMark are attached hereto as Exhibit A.

18. In accordance with 28 U.S.C. § 1446(d), MedMark will promptly provide notice to Plaintiff regarding removal. A copy of this Notice of Removal that MedMark will serve on Plaintiff is attached hereto as Exhibit B.

19. Also in accordance with 28 U.S.C. § 1446(d), MedMark will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of Contra Costa County. A copy of that filing is attached hereto as Exhibit C. The docket of the Superior Court in this matter is also attached hereto as Exhibit D.

20. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 as required by 28 U.S.C. § 1446(a).

21. If any question arises as to the propriety of the removal of this action, MedMark requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable. *See Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 83 (2014) (holding that "a short and plain statement of the grounds of removal" is all that is

necessary to remove under 28 U.S.C. § 1446 and evidentiary submissions should be addressed during remand briefing).

22. Accordingly, MedMark hereby removes this action from the Superior Court of the State of California for the County of Contra Costa to the United States District Court for the Northern District of California, Oakland Division.

Dated: September 23, 2020                    COOLEY LLP


By: /s/ *Benjamin Kleine*
    Benjamin Kleine

Attorneys for Defendant
MEDMARK SERVICES, INC.

234000531