# EXHIBIT A

8-25-20 @ 1215

# COPY

## SUMMONS
### (CITACION JUDICIAL)



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

~~FILED~~

2020 AUG 10 P 1: 53

KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: B. POOL DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MEDMARK SERVICES, INC.,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JIMMY WALSH, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Wakefield Taylor Courthouse | CASE NUMBER *(Número del Caso):* - 01535 |
|---|---|

725 Court Street
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 323-306-4234

| DATE: *(Fecha)* AUG 10 2020 | Clerk, by *(Secretaria)* B. POOL | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **MedMark Services, Inc.**

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 8-25-20

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov American LegalNet, Inc. |
|---|---|---|

BY FAX

# COPY

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

2020 AUG 10 P 1:53

CATE PEKER
CLERK OF THE SUPERIOR COURT
COUNTY ... A COSTA, CA

BY: B. PC ... DY CLERK
PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT ⊍7 , FOR ALL
PURPOSES

SUMMONS ISSUED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF CONTRA COSTA
## UNLIMITED JURISDICTION

| | |
|---|---|
| JIMMY WALSH, on behalf of himself and all others similarly situated, <br><br>                     Plaintiffs, <br><br>     v. <br><br> MEDMARK SERVICES, INC., <br><br>                 Defendant. | Case No. C20 - 01535 <br><br> **CLASS ACTION COMPLAINT** <br> 1. VIOLATION OF CALIFORNIA DATA BREACH ACT <br> 2. VIOLATION OF CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT <br> 3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW <br> 4. NEGLIGENCE <br> 5. NEGLIGENCE PER SE <br> 6. INVASION OF PRIVACY <br> 7. VIOLATION OF CALIFORNIA DATA BREACH ACT |

BY FAX

## DEMAND FOR JURY TRIAL

## INTRODUCTION

1.    JIMMY WALSH ("PLAINTIFF") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of MEDMARK SERVICES, INC. ("DEFENDANT") and its

---

CLASS ACTION COMPLAINT

related entities, subsidiaries and agents, in failing to secure and protect its patients' personal medical information ("INFORMATION") provided to DEFENDANT. PLAINTIFF alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. In or around November of 2018, PLAINTIFF was made aware that DEFENDANT'S computer systems had suffered a security breach and hackers had succeeded in gaining access to personal medical information of many of DEFENDANT'S patients. Said breach, which was caused by DEFENDANT'S failure to employ adequate security standards with respect to the handling of its customers' INFORMATION, has resulted in PLAINTIFF and members of the Class (as defined below) having their INFORMATION compromised and the privacy of their medical records placed in jeopardy.

## JURISDICTION AND VENUE

3. This class action is brought pursuant to California Code of Civil Procedure § 382. All claims in this matter arise exclusively under California law. This Court has personal jurisdiction over Defendant because Defendant does business to such an extent within and throughout California as to demonstrate its purposeful availment of the protection and obligations of the laws of the State of California.

4. This matter is properly venued in the Superior Court of California for the County of Contra Costa because that PLAINTIFF resides in the County of Contra Costa and the events giving rise to PLAINTIFF'S causes of action against DEFENDANT occurred within the County of Contra Costa.

## PARTIES

5. PLAINTIFF is, and at all times mentioned herein was, an individual citizen and resident of the County of Contra Costa, State of California.

6. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT is, and at all times mentioned herein was, a corporation incorporated

CLASS ACTION COMPLAINT

in the State of Delaware, with its principal place of business in the City of Lewisville, State of Texas, that is engaged in the treatment of substance abuse.

7. PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant DEFENDANT conducted business in the State of California.

## FACTUAL ALLEGATIONS

8. DEFENDANT provides addiction treatment and primary healthcare services nationwide.

9. PLAINTIFF is a patient at one of Defendant's treatment facilities.

10. In or around November 2019, a counselor at one of DEFENDANT'S treatment facilities informed a patient at the facility, who informed PLAINTIFF, that computer hackers had broken into DEFENDANT'S network that contained its patients' personal medical information and were attempting to blackmail DEFENDANT.

11. The data breach affected hundreds, if not thousands, of patients who have received treatment at any one of DEFENDNAT'S nationwide addiction treatment centers prior to November 2019.

12. DEFENDANT did not, and as of the time of bringing this action, has not notified PLAINTIFF of the security breach, nor has DEFENDANTS publicly acknowledged the security breach.

13. Hackers could not have accessed this information on DEFENDANT'S database but for DEFENDANT'S negligence.

14. DEFENDANT failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach.

15. DEFENDANT knew or should have known that its systems for processing and/or storing patients' personal medical information were not secure and left the INFORMATION of PLAINTIFF and other members of the Class vulnerable to the release of private information.

CLASS ACTION COMPLAINT

16.     DEFENDANT recklessly, or. as a matter of gross negligence, failed to provide reasonable and adequate security measures to ensure that the personal medical information of its patients would not be compromised.

17.     The compromised INFORMATION, including PLAINTIFF'S, is extremely sensitive, as the reasonable patient of an addiction rehabilitation facility would wish to keep their addiction and treatment history from being publicly disclosed, and would find the public disclosure of their medical information offensive.

18.     Additionally, DEFENDANT failed to notify PLAINTIFF and the other members of the Class in a timely manner of the security breach, as required by law. .

19.     PLAINTIFF and the members of the Class have all suffered irreparable harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses, as a result of DEFENDANT'S unlawful and wrongful conduct heretofore described.

## CLASS ACTION ALLEGATIONS

20.     PLAINTIFF brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

21.     PLAINTIFF represents, and is a member of, the Class, consisting of:

> All persons within the United States who were patients at any one of DEFENDANT'S nationwide treatment facilities prior to November 2019, and whose personal medical information was compromised as a result of DEFENDANT'S November 2019 data breach.

22.     DEFENDANT and its employees or agents are excluded from the Class. PLAINTIFF does not know the number of members in the Class, but believes the Class members number in the hundreds, if not thousands. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23.     PLAINTIFF and members of the Class were harmed by the acts and omissions of DEFENDANT in at least the following ways: PLAINTIFF and members of the Class have lost privacy, money, or property as a result of DEFENDANT'S negligence and concealments.

24.     PLAINTIFF reserves the right to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

25.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through DEFENDANT'S records or DEFENDANT'S agents' records.

26.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact pertaining to the Class predominate over questions which may affect individual Class members, including *inter alia*:

   a. Whether DEFENDANT unlawfully used, maintained, lost or disclosed Class members' personal medical information;

   b. Whether DEFENDANT unreasonably delayed in notifying affected patients of the data breach;

   c. Whether DEFENDANT failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach;

   d. Whether DEFENDANT violated the requirements of California Civil Code Section 1798.80 *et seq.*;

   e. Whether DEFENDANT violated the requirements of California Civil Code Section 56 *et seq.*;

   f. Whether DEFENDANT'S conduct violated the California Business & Professions Code § 17200, *et seq.*;

CLASS ACTION COMPLAINT

g. Whether DEFENDANT'S conduct was negligent;

h. Whether DEFENDANT acted willfully and/or with oppression, fraud, or malice;

i. Whether DEFENDANT'S conduct constituted Intrusion;

j. Whether DEFENDANT'S conduct constituted Public Disclosure of Private Facts;

k. Whether DEFENDANT'S conduct violated Class members' California Constitutional Right to Privacy;

l. Whether PLAINTIFF and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

27. As a person whose personal information was compromised as a result of DEFENDANT'S wrongful conduct as herein alleged, PLAINTIFF is asserting claims that are typical of the Class. PLAINTIFF will fairly and adequately represent and protect the interests of the Class in that PLAINTIFF has no interests antagonistic to any member of the Class.

28. PLAINTIFF and the members of the Class have all suffered irreparable harm as a result of the DEFENDANT'S unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. PLAINTIFF has retained counsel experienced in handling class action lawsuits.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against DEFENDANT is small. Management of these claims is likely to present significantly fewer difficulties than those presented in many

class claims. Litigating this case as a class action will reduce the possibility of repetitious litigation relating to DEFENDANT'S conduct.

31. DEFENDANT has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA DATA BREACH ACT, CAL**

**CIV. CODE § 1798.80, *et seq.***

32. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The data breach constituted a "breach of the security system" of DEFENDANT pursuant to California Civil Code § 1798.82(g).

34. DEFENDANT recklessly, or as a matter of gross negligence, failed to provide reasonable and adequate security measures.

35. DEFENDANT unreasonably delayed informing PLAINTIFF and members of the Class about the security breach of the Class members' INFORMATION after DEFENDANT knew of the breach.

36. DEFENDANT failed to disclose to PLAINTIFF and members of the Class, in the most expedient time possible, the breach of security of their INFORMATION after DEFENDANT knew of the breach.

37. As a result of DEFENDANT'S violation of California Civil Code § 1798.82, PLAINTIFF and members of the Class suffered economic and non-economic damages, as alleged above.

38. PLAINTIFF, individually and on behalf of the members of the Class, seeks all remedies available under California Civil Code § 1798.84.

39. PLAINTIFF, individually and on behalf of the members of the Class, also seeks reasonable attorneys' fees and costs under California Civil Code §

1798.84(g).

40. By violating California Civil Code § 1798.80 *et seq.* as alleged above, DEFENDANT was guilty of oppression, fraud, or malice, in that DEFENDANT acted or failed to act with a willful and conscious disregard of PLAINTIFF'S and Class members' rights. PLAINTIFF therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of himself and the Class.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CAL CIV. CODE § 56, *et seq.***

41. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The personal medical information compromised as a result of DEFENDANT'S data breach constituted "medical information" of PLAINTIFF and class members pursuant to California Civil Code § 56.05(j).

43. DEFENDANT recklessly, or as a matter of gross negligence, failed to provide reasonable and adequate security measures, which led to a disclosure of the medical information of PLAINTIFF and members of the Class.

44. DEFENDANT unreasonably delayed informing PLAINTIFF and members of the Class about the security breach of the Class members' INFORMATION after DEFENDANT knew of the breach.

45. DEFENDANT failed to disclose to PLAINTIFF and members of the Class the breach of security of their INFORMATION after DEFENDANT knew of the breach.

46. As a result of DEFENDANT'S violation of California Civil Code § 56.10, PLAINTIFF and members of the Class suffered economic and non-economic damages, as alleged above.

47. PLAINTIFF, individually and on behalf of the members of the Class, seeks all remedies available under California Civil Code § 56.35.

7

48. PLAINTIFF, individually and on behalf of the members of the Class, also seeks reasonable attorneys' fees and costs under California Civil Code § 56.35.

49. By violating California Civil Code § 56 *et seq.* as alleged above, DEFENDANT was guilty of oppression, fraud, or malice, in that DEFENDANT acted or failed to act with a willful and conscious disregard of PLAINTIFF'S and Class members' rights. PLAINTIFF therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of himself and the Class.

## THIRD CAUSE OF ACTION
## UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*

50. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. DEFENDANT'S failure to disclose information concerning the data breach directly and promptly to affected patients constitutes a fraudulent act or practice in violation of California Business & Professions Code section 17200 *et seq.*

52. DEFENDANT'S acts, practices, and omissions detailed above constitute unlawful, unfair and/or fraudulent business practices and acts, within the meaning of California Business & Professions Code § 17200 et seq.

53. DEFENDANT'S acts, practices, and omissions detailed above constitute fraudulent practices in that they are likely to deceive a reasonable consumer in that PLAINTIFF and Class members were induced to receive treatment from DEFENDANT'S treatment facilities based on the understanding, whether explicit or implied, that DEFENDANT had implemented appropriate security protocols and that, in the event of a loss or breach, DEFENDANT would promptly notify affected patients.

54.   DEFENDANT'S acts, practices, and omissions detailed above, constitute unlawful practices and/or acts as they constitute violations of numerous provisions of California law, including but not limited to Cal. Civ. Code § 1798.80 *et seq.* and the Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*

55.   DEFENDANT has committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to PLAINTIFF and Class members' legal rights. As a direct and proximate result of DEFENDANT'S unlawful, unfair and fraudulent business practices as alleged herein, PLAINTIFF and Class members have suffered injury in fact will continue to suffer injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

56.   Pursuant to California Business & Professions Code § 17203, PLAINTIFF seeks an order of this Court prohibiting DEFENDANT from engaging in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering DEFENDANT to perform its obligations under the law.

## FOURTH CAUSE OF ACTION
### NEGLIGENCE

57.   PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.   DEFENDANT came into possession of the INFORMATION of PLAINTIFF and other Class members and thus had a duty to exercise reasonable care in safeguarding and protecting such INFORMATION from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

59.   Moreover, DEFENDANT had a duty to timely disclose that the INFORMATION of PLAINTIFF and Class members that was within its possession had been compromised.

60. DEFENDANT had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of said INFORMATION.

61. DEFENDANT, through its actions and/or omissions, unlawfully breached its duty to PLAINTIFF and Class members by failing to exercise reasonable care in protecting and safeguarding said INFORMATION within its possession.

62. DEFENDANT, through its actions and/or omissions, unlawfully breached its duty to PLAINTIFF and Class members to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent dissemination of PLAINTIFF'S and other Class members' INFORMATION.

63. DEFENDANT, through its actions and/or omissions, unlawfully breached its duty to timely disclose to PLAINTIFF and the Class members the fact that their INFORMATION had been compromised.

64. DEFENDANT'S negligent and wrongful breach of its duties owed to PLAINTIFF and the Class proximately caused PLAINTIFF and Class members' INFORMATION to be compromised.

65. As a direct and proximate cause of DEFENDANT'S failure to exercise reasonable care and use commercially reasonable security measures its databases were accessed without authorization and customers' INFORMATION was compromised and exposed to unauthorized access.

66. As a further direct and proximate cause of DEFENDANT'S failure to exercise reasonable care as described herein, PLAINTIFF and Class members have suffered economic and non-economic damages as described above and prayed for below in an amount according to proof at trial. PLAINTIFF is informed and believes and based thereupon alleges that DEFENDANT will continue to negligently fail to adequately protect the INFORMATION of PLAINTIFF and other patients. As a result of DEFENDANT'S conduct PLAINTIFF seeks declaratory and injunctive relief, restitution, and compensatory and punitive damages.

CLASS ACTION COMPLAINT

67. In failing to secure PLAINTIFF'S and Class members' INFORMATION and promptly notify them of a data breach or loss, as alleged above, DEFENDANT was guilty of oppression, fraud, or malice, in that DEFENDANT acted or failed to act with a willful and conscious disregard of PLAINTIFF'S and Class members' rights. PLAINTIFF therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of himself and the Class.

## FIFTH CAUSE OF ACTION
## NEGLIGENCE PER SE

68. PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. As herein, DEFENDANT violated various statutes, including California Civil Code §§ 1798.80 et seq., which requires a business that licenses, owns, or maintains INFORMATION to give prompt notification to persons potentially affected by a security breach.

70. This statute was intended to protect customers' information from unauthorized disclosure and to ensure prompt notification of any such unauthorized, unlawful disclosure.

71. As a direct and proximate cause of DEFENDANT'S violation of the foregoing statutes, PLAINTIFF and members of the Class have suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

72. By engaging in the negligent conduct as alleged above, DEFENDANT was guilty of oppression, fraud, or malice, in that DEFENDANT acted or failed to act with a willful and conscious disregard of PLAINTIFF'S and Class members' rights. PLAINTIFF therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of himself and the Class.

## SIXTH CAUSE OF ACTION
## INVASION OF PRIVACY

73.     PLAINTIFF incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74.     The INFORMATION of PLAINTIFF and other consumers of DEFENDANT was and continues to be private information. PLAINTIFF and each member of the Class had a legally protected informational privacy interest in the confidential and sensitive information that DEFENDANT obtained and unlawfully disseminated.

75.     PLAINTIFF and other members of the Class had a legally protected autonomy privacy interest regarding their INFORMATION without unwanted observation, intrusion, or interference.

76.     PLAINTIFF and members of the Class reasonably expected that their confidential and sensitive information would be kept private.

77.     DEFENDANT'S failure to secure and protect PLAINTIFF'S and other customers' INFORMATION resulted in the public disclosure and publication of such private information to third parties, including but not limited to hackers.

78.     Dissemination of PLAINTIFF'S and other consumers' INFORMATION is not of a legitimate public concern; publicity of their INFORMATION would be, is, and will continue to be offensive to PLAINTIFF, putative class members, and other reasonable people.

79.     DEFENDANT'S wrongful actions and/or inaction as described above constituted and continue to constitute a serious invasion of the privacy of PLAINTIFF and other consumers by publicly disclosing private facts (*i.e.*, their INFORMATION).

80.     PLAINTIFF and other consumers were and continue to be damaged as a direct and/or proximate result of DEFENDANT'S invasion of their privacy by publicly disclosing their private facts (*i.e.*, their INFORMATION) in the form of,

*inter alia*, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they are entitled to compensation.

81.    In violating the privacy of PLAINTIFF and Class members as alleged above, DEFENDANT was guilty of oppression, fraud, or malice, in that DEFENDANT acted or failed to act with a willful and conscious disregard of PLAINTIFF'S and Class members' rights. PLAINTIFF therefore seeks an award of damages, including punitive damages, in an amount to be proven at trial, on behalf of himself and the Class.

### **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully requests that the Court grant PLAINTIFF and the Class members the following relief against DEFENDANT:

    a.  An order certifying the proposed class and appointing PLAINTIFF and PLAINTIFF'S counsel to represent the Class;

    b.  Injunctive relief prohibiting DEFENDANT from engaging in such conduct as alleged herein in the future;

    c.  Actual, statutory and/or punitive damages;

    d.  Restitution, or any other equitable relief the Court may deem just and proper;

    e.  Pre-judgment and post-judgment interest;

    f.  Reasonable attorneys' fees and costs of the suit, including expert witness fees; and

    g.  Any other relief the Court may deem just and proper.

///
///
///
///
///
///

## **TRIAL BY JURY**

PLAINTIFF hereby demands a jury trial on all issues so triable.

Respectfully Submitted this 7th Day of August, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:  /s/ Todd M. Friedman
       Todd M. Friedman
       Law Offices of Todd M. Friedman
       Attorney for Plaintiff

CLASS ACTION COMPLAINT

**COPY**

CM-010

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
TELEPHONE NO.: 323-306-4234    FAX NO.: 866-633-0228
ATTORNEY FOR *(Name):* Plaintiff, Jimmy Walsh

FILED

2020 AUG 10 P 1:53

KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: _____ DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Jimmy Walsh v. MedMark Services, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: C20-01535 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence

d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary    b.[✓] nonmonetary; declaratory or injunctive relief    c.[✓] punitive

**4.** Number of causes of action *(specify):* 7

**5.** This case [✓] is [ ] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 7, 2020

Todd M. Friedman
_____
(TYPE OR PRINT NAME)

*Todd M. Friedman*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.

BY FAX

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
　　Damage/Wrongful Death
Uninsured Motorist (46) *(if the
　　case involves an uninsured
　　motorist claim subject to
　　arbitration, check this item
　　instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
　　Asbestos Property Damage
　　Asbestos Personal Injury/
　　　　Wrongful Death
Product Liability *(not asbestos or
　　toxic/environmental)* (24)
Medical Malpractice (45)
　　Medical Malpractice–
　　　　Physicians & Surgeons
　　Other Professional Health Care
　　　　Malpractice
Other PI/PD/WD (23)
　　Premises Liability (e.g., slip
　　　　and fall)
　　Intentional Bodily Injury/PD/WD
　　　　(e.g., assault, vandalism)
　　Intentional Infliction of
　　　　Emotional Distress
　　Negligent Infliction of
　　　　Emotional Distress
　　Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　　Practice (07)
Civil Rights (e.g., discrimination,
　　false arrest) *(not civil
　　harassment)* (08)
Defamation (e.g., slander, libel)
　　(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice
　　　　*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　　Breach of Rental/Lease
　　　　Contract *(not unlawful detainer
　　　　or wrongful eviction)*
　　Contract/Warranty Breach–Seller
　　　　Plaintiff *(not fraud or negligence)*
　　Negligent Breach of Contract/
　　　　Warranty
　　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　　book accounts) (09)
　　Collection Case–Seller Plaintiff
　　Other Promissory Note/Collections
　　　　Case
Insurance Coverage *(not provisionally
　　complex)* (18)
　　Auto Subrogation
　　Other Coverage
Other Contract (37)
　　Contractual Fraud
　　Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
　　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　　Writ of Possession of Real Property
　　Mortgage Foreclosure
　　Quiet Title
　　Other Real Property *(not eminent
　　domain, landlord/tenant, or
　　foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
　　drugs, check this item; otherwise,
　　report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　　Writ–Administrative Mandamus
　　Writ–Mandamus on Limited Court
　　　　Case Matter
　　Writ–Other Limited Court Case
　　　　Review
Other Judicial Review (39)
　　Review of Health Officer Order
　　Notice of Appeal–Labor
　　　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　　*(arising from provisionally complex
　　case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　　Abstract of Judgment (Out of
　　　　County)
　　Confession of Judgment *(non-
　　　　domestic relations)*
　　Sister State Judgment
　　Administrative Agency Award
　　　　*(not unpaid taxes)*
　　Petition/Certification of Entry of
　　　　Judgment on Unpaid Taxes
　　Other Enforcement of Judgment
　　　　Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
　　above)* (42)
　　Declaratory Relief Only
　　Injunctive Relief Only *(non-
　　　　harassment)*
　　Mechanics Lien
　　Other Commercial Complaint
　　　　Case *(non-tort/non-complex)*
　　Other Civil Complaint
　　　　*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
　　Governance (21)
Other Petition *(not specified
　　above)* (43)
　　Civil Harassment
　　Workplace Violence
　　Elder/Dependent Adult
　　　　Abuse
　　Election Contest
　　Petition for Name Change
　　Petition for Relief From Late
　　　　Claim
　　Other Civil Petition

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

WALSH VS MEDMARK SERVICES, INC.

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC20-01535

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  01/04/21     DEPT:  21       TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

        a.  an order establishing a discovery schedule
        b.  an order referring the case to arbitration
        c.  an order transferring the case to limited jurisdiction
        d.  an order dismissing fictitious defendants
        e.  an order scheduling exchange of expert witness information
        f.  an order setting subsequent conference and the trial date
        g.  an order consolidating cases
        h.  an order severing trial of cross-complaints or bifurcating
            issues
        i.  an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  08/10/20
                            _____
                            BROOKE POOL
                            Deputy Clerk of the Court

# <u>UNLIMITED</u> JURISDICTION
## Civil Actions
## PACKET

### What you will find in this packet:

- **Interpreter Request** (MC-300e&s)

- **Notice To Plaintiffs** (CV-655a-INFO)

- **Notice To Defendants** (CV-655d-INFO)

- **ADR Case Management Stipulation and Order** (CV-655b)

- **Case Management Statement** (CM-110)

- **Alternative Dispute Resolution (ADR) Information** (CV-655c-INFO)

*You Can Get Court Forms FREE at: www.cc-courts.org/forms*

# Superior Court of California, County of Contra Costa

## Interpreter Request

If you need an interpreter, please complete the form below and submit it to any Filing Window or courtroom.

Case Number: _____

**Case Type:**

☐ Criminal                                     ☐ Small Claims – ($10,000 or less)

☐ Traffic                                        ☐ Civil - ☐ $25,000 ☐ over $25,000

☐ Civil Harassment                          ☐ Civil – Other _____

☐ Conservatorship                          ☐ Family Law

☐ Proceedings to terminate parental rights    ☐ Unlawful Detainer

☐ Dependent Adult Abuse               ☐ Guardianship

☐ Juvenile                                     ☐ Elder Abuse

Party Requesting Interpreter: _____

Is interpreter for a witness?    ☐ Yes    ☐ No

Phone Number(s) where party can be reached: _____

Date of Hearing: _____      Time of Hearing: _____

Department: _____ Location: ☐ Martinez   ☐ Pittsburg   ☐ Richmond   ☐ Walnut Creek

Language Needed:   ☐ Spanish   ☐ Mandarin   ☐ Cantonese   ☐ Vietnamese

                        ☐ Other: _____

To avoid the risk that your hearing will have to be postponed, please submit this form a minimum of one week in advance.

Current information about this program is available at our website:
www.cc-courts.org/interpreter

# Superior Court of California, County of Contra Costa

## Solicitud Para Intérprete

Si necesita un intérprete, favor completar este formulario y presentarlo en cualquier ventanilla para archivar documentos o con la secretaria del tribunal.

Número de Caso: _____

**Tipo de Caso:**

☐ Criminal

☐ Tráfico

☐ Acoso Civil

☐ Conservador

☐ Casos para Terminar Derechos de Madre o Padre

☐ Abuso de Adultos Incapacitados

☐ Tribal de Menores

☐ Demanda Civil – ($10,000 o menos)

☐ Demanda Civil -
   ☐ $25,000 ☐ más de $25,000

☐ Civil – otro tipo _____

☐ Casos de Familia

☐ Juicio de Desalojo

☐ Tutela

☐ Abuso de Personas Mayores

Persona que Necesita Intérprete: _____

☐ Marque aquí si esta persona es un testigo

Número Telefónico: _____

Fecha de la Audiencia Judicial: _____ Hora: _____

Departamento: _____ Ciudad: ☐ Martinez ☐ Pittsburg ☐ Richmond ☐ Walnut Creek

Idioma Solicitado: ☐ Español ☐ Mandarín ☐ Cantonés ☐ Vietnamita

              ☐ Otro Idioma: _____

Para evitar la posibilidad que su audiencia sea aplazada, favor the presentar este formulario al menos una semana antes de la fecha de su audiencia.

Información actualizada acerca de este servicio se encuentra en nuestra página web:
www.cc-courts.org/interpreter

# NOTICE TO PLAINTIFFS

In <u>Unlimited Jurisdiction</u> Civil Actions

## AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on <u>all</u> defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants  (Local Court Form CV-655d-INFO)
   e. <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)
   f. <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days  (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** <u>The Notice of Case Management Conference.</u>

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to·resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit <u>www.cc-courts.org/adr</u>, or email <u>adrweb@contracosta.courts.ca.gov</u>

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the <u>Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days</u> form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture[1])* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rules; Title Three. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

### VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

---

*[1] Health and Safety Code §11470 et seq.*

*[2] Including claims for emotional distress and/or wrongful death.*

## Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS
### In <u>Unlimited Jurisdiction</u> Civil Actions

<u>**YOU ARE BEING SUED**</u>. The packet you have been served should contain:

    a.    The Summons

    b.    The Complaint

    c.    The Notice of Case Management (shows hearing date and time)

    d.    <u>Blank</u>: Case Management Statement (Judicial Council Form CM-110)

    e.    <u>Blank</u>: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

    f.    Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c-INFO)

---

 ## WHAT DO I DO NOW? 

<u>**You must:**</u>

1. **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement  (CM-110)***

3. **File and serve your court papers on time**   Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**  by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that <u>must</u> be filed at the court within <u>60</u> days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6. **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the <u>*Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days*</u> can be filed with your other papers. For more information read the enclosed ADR information, visit <u>www.cc-courts.org/adr</u>, or email <u>adrweb@contracosta.courts.ca.gov</u>.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case.  While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

<u>**COURT FEES:**</u> You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>**COURT FORMS:**</u> Buy forms at the Law Library (1020 Ward Street, Martinez, CA) or download them for free at: <u>www.courtinfo.ca.gov/forms/</u>

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

> Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

> a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).
>
> b. For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).
>
> c. Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

> a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.
>
> b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court)*;
4. <u>Motion to Quash Service of Summons</u> *(you were not legally served)*;
5. <u>Motion to Stay</u> *(put the case on hold)*; or
6. <u>Motion to Dismiss</u> *(stops the case)*.

> **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library**     Martinez: (925) 646- 2783     Richmond: (510) 374-3019
- **Ask the Law Librarian:** www.247ref.org/portal/access_law3.cfm

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____
Defendant(s) / Cross Defendant(s)

### *ADR Case Management Stipulation and Order*
### *(Unlimited Jurisdiction Civil Cases)*

CASE NO: _____

---

► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

► PARTIES MUST ALSO **SEND A COPY OF THIS <u>FILED</u> STIPULATION AND ORDER TO THE ADR OFFICE**: EMAIL adrweb@contracosta.courts.ca.gov FAX: (925) 608-2109 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. <u>Selection and scheduling for Alternative Dispute Resolution (ADR)</u>:
   a. The parties have agreed to ADR as follows:
      i. ❑ Mediation (❑ Court-connected ❑ Private)
      ii. ❑ Arbitration (❑ Judicial Arbitration (non-binding) ❑ Private (non-binding) ❑ Private (binding)) ⬎
      iii. ❑ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date):* _____ *(no more than 14 days after filing this form).*
   c. ADR shall be completed by *(date):* _____ *(no more than 90 days after filing this form)*

2. <u>The parties will complete the following discovery plan:</u>
   a. ❑ Written discovery: (❑ Additional page(s) attached)
      i. ❑ Interrogatories to:
      ii. ❑ Request for Production of Documents to:
      iii. ❑ Request for Admissions to:
      iv. ❑ Independent Medical Evaluation of:
      v. ❑ Other:
   b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
      i. _____
      ii. _____
      iii. _____
   c. ❑ No Pre-ADR discovery needed

3. The parties also agree: _____

4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5; <u>will pay the fees associated with these services</u>, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | | |
|---|---|---|---|
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

Dated: _____     _____
**Judge of the Superior Court**

---

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:      FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

    STREET ADDRESS:

    MAILING ADDRESS:

    CITY AND ZIP CODE:

    BRANCH NAME:

  PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** <br> (Amount demanded    (Amount demanded is $25,000 <br> exceeds $25,000)    or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:         Time:         Dept.:         Div.:         Room:

Address of court *(if different from the address above)*:

  ☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐   This statement is submitted by party *(name)*:
   b. ☐   This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
        (1) ☐   have not been served *(specify names and explain why not)*:

        (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

        (3) ☐   have had a default entered against them *(specify names)*:

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.   Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action)*:

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:      f. Fax number:
e. E-mail address:      g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a.  ☐  Insurance carrier, if any, for party filing this statement *(name):*
    b.  Reservation of rights:   ☐ Yes   ☐ No
    c.  ☐  Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy   ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
    a.  ☐  There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b.  ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**
    ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
        action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a.  ☐  The party or parties have completed all discovery.
    b.  ☐  The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

    c.  ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are
        anticipated *(specify):*

    **CASE MANAGEMENT STATEMENT**     

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (*CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Email adrweb@contracosta.courts.ca.gov or call (925) 608-2075*

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

 **CT Corporation**

**Service of Process Transmittal**
08/25/2020
CT Log Number 538149071

**TO:** David K. White, President & CEO
Baymark Health Services Inc.
1720 LAKEPOINTE DR STE 117
LEWISVILLE, TX 75057-6425

**RE:** **Process Served in California**

**FOR:** Medmark Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JIMMY WALSH, etc., Pltf. vs. MEDMARK SERVICES, INC., Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C2001535 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - - |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/25/2020 at 12:54 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780111965182<br><br>Image SOP<br><br>Email Notification, Susan Meyercord smeyercord@medmark.com<br><br>Email Notification, Esther Cole-Torres ecole-torres@baymark.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Tue, Aug 25, 2020

**Server Name:**     judith smith

**Location:**        Los Angeles, CA-LA


Entity Served       MedMark Services, Inc.

Agent Name

Case Number         C20-01535

Jurisdiction        CA-LA

